# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| MICHAEL MOSES, parent on behalf of P.M., a minor,  * * * | |
| * | No. 19-739V |
| * | Special Master Christian J. Moran |
| Petitioner,  * | |
| v.  * | |
| * | Filed: October 23, 2020 |
| SECRETARY OF HEALTH AND HUMAN SERVICES,  * * | |
| * | Attorneys' fees and costs, interim award |
| Respondent.  * | |

* * * * * * * * * * * * * * * * * * *

Phyllis Widman, Jacobs and Barbone, Atlantic City, NJ, for petitioner;
Kristin M. Cafferty, Habush, Habush & Rottier, S.C., Racine, WI, former counsel of record for petitioner;
Catherine E. Stolar, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS[1]

On May 17, 2019, Michael Moses ("Petitioner"), on behalf of his son P.M., filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa–10 through 34 (2012). Petitioner claims that P.M. suffered from juvenile arthritis after receiving measles, mumps, and rubella ("MMR"), pneumococcal conjugate, and varicella vaccines on June 6, 2016. Pet., filed May 17, 2019,

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Preamble.  At the time of the filing of this motion, petitioner's counsel of record was Ms. Kristin M. Cafferty.[2]

On September 23, 2019, the Secretary argued that compensation was not appropriate because (1) he had not presented an expert report supporting his claim, and (2) the treating physician's remarks regarding causation presented were insufficient to meet petitioner's burden.  Resp't's Rep. at 14-15.

To develop his case, petitioner filed an expert report from Dr. Arthur Brawer on March 20, 2020.  Exhibit 19.  The undersigned then issued an order on March 24, 2020, directing petitioner to file a supplemental expert report from Dr. Brawer addressing certain topics from the expert instructions that were not addressed in his firs report.  Petitioner later filed a supplemental expert report from Dr. Brawer on August 7, 2020.

On June 1, 2020, petitioner moved for an award of attorneys' fees and costs on an interim basis, requesting $16,027.50 in fees and $5,528.85 in costs, for a total of $21,556.35.  Pet'r's Mot. IAFC ¶ 2.  **For the reasons that follow, petitioner is awarded $16,189.88.**

\*     \*     \*

The requested fees include work performed and costs incurred as of June 1, 2020, when petitioner filed his motion.  Petitioner argues that an award of interim fees and costs is appropriate in this case based on (1) Ms. Cafferty's qualifications, as well as the qualifications of her staff, Pet'r's Aff. ¶¶ 1-4, 7, and (2) the fact that petitioner has retained new counsel, making Ms. Cafferty's filing for interim attorneys' fees and costs appropriate at this time, Pet'r's Mot. IAFC ¶ 1.

The Secretary filed his response to petitioner's motion on June 2, 2020.  Resp't's Resp.  The Secretary did not provide any objection to petitioner's request.  Id.  Instead, he stated that he "defers to the Special Master to determine whether or not petitioner has met both the legal standard for an interim fees and costs award as set forth in Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343 (Fed. Cir. 2008)." Id. at 2.

This matter is now ripe for adjudication.

---

[2] Ms. Phyllis Widman was substituted as counsel of record on August 5, 2020.

\*   \*   \*

Petitioner's motion implicitly raises a series of sequential questions, each of which requires an affirmative answer to the previous question. First, whether petitioner is eligible under the Vaccine Act to receive an award of attorneys' fees and costs? Second, whether, as a matter of discretion, petitioner should be awarded his attorneys' fees and costs on an interim basis? Third, what is a reasonable amount of attorneys' fees and costs? These questions are addressed below.

### 1. Eligibility for an Award of Attorneys' Fees and Costs

As an initial matter, interim fee awards are available in Vaccine Act cases. Avera, 515 F.3d at 1352. Since petitioner has not received compensation from the Program, he may be awarded "compensation to cover [his] reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa-15(e)(1). As the Federal Circuit has stated, "good faith" and "reasonable basis" are two separate elements that must be met for a petitioner to be eligible for attorneys' fees and costs. Simmons v. Sec'y of Health & Hum. Servs., 875 F.3d 632, 635 (Fed. Cir. 2017).

"Good faith" is a subjective standard. Id.; Hamrick v. Sec'y of Health & Hum. Servs., No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she honestly believes that a vaccine injury occurred. Turner v. Sec'y of Health & Hum. Servs., No. 99-544V, 2007 WL 4410030, at * 5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). The Secretary has not challenged petitioner's good faith here, and there is little doubt that petitioner brought the claim with an honest belief that a vaccine injury occurred.

In contrast to good faith, reasonable basis is purely an objective evaluation of the weight of the evidence. Simmons, 875 F.3d at 636. Because evidence is "objective," the Federal Circuit's description is consistent with viewing the reasonable basis standard as creating a test that petitioners meet by submitting evidence. See Chuisano v. Sec'y of Health & Hum. Servs., No. 07-452V, 2013 WL 6234660 at *12–13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013) (explaining that

3

reasonable basis is met with evidence), mot. for rev. denied, 116 Fed. Cl. 276 (2014).

Here, the reports from the expert petitioner has retained, Dr. Brawer, satisfies the reasonable basis standard. See Exhibits 19, 32. These reports, combined with petitioner's medical records, establish a theory of causation and provide a reasonable basis sufficient for the attorneys' fees and costs determination.

### 2. Appropriateness of an Interim Award

Interim awards should not be awarded as a matter of right. Avera, 515 F.3d at 1352 (Fed. Cir. 2008). Instead, petitioners must demonstrate "undue hardship." Id. The Federal Circuit noted that interim fees "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. The Circuit has also considered whether petitioners faced "only a short delay in the award" before a motion for final fees could be entertained. Id.

The Federal Circuit has not attempted to specifically define what constitutes "undue hardship" or a "protracted proceeding." In this case, however, an interim award is appropriate due to the change in counsel so that Ms. Cafferty may be compensated for her services.

### 3. Reasonableness of the Requested Amount

Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach. Avera, 515 F.3d at 1347–48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)); Saxton ex rel. v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Hum. Servs., 139 Fed. Cl. 238 (2018).

#### A. Reasonable Hourly Rate

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. See Blum, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers

of reasonably comparable skill, experience and reputation." Id. at 895 n.11.  A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate.  Avera, 515 F.3d at 1349.  If these two requirements are met, the Davis County exception applies, and petitioner's counsel is paid according to the local rate to avoid a "windfall."  Id.; see Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 757–60 (D.C. Cir. 1999).

For cases in which forum rates apply, McCulloch provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney.  McCulloch v. Sec'y of Health & Hum. Servs., No. 09-293V, 2015 WL 5634323, *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), mot. for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  The Court has since updated the McCulloch rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[3]

Petitioner argues reasonable rates in the amount of $300/hour for Ms. Cafferty and her colleague Mr. Young; $150/hour for the paralegals and firm law librarian who worked on this case; and $75/hour for Ms. Cafferty's legal assistant.  The Secretary does not dispute petitioner's counsel's entitlement to these rates.  Given Ms. Cafferty's level of experience, the undersigned finds these rates to be reasonable.  Ms. Cafferty's rate, as well as the rates of Mr. Young and other staff assisting with the case, are in line with the forum hourly rate fee schedule and therefore reasonable.

B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton, 3 F.3d at 1521.  The Secretary did not challenge any of the requested hours as unreasonable.

Ms. Cafferty's time entries provide adequate detail to assess reasonableness.  Generally, Ms. Cafferty and staff assisting on the case appropriately did not request compensation for administrative tasks, which are not compensable.  For

---

[3] The 2015–2016, 2017, 2018, and 2019 Fee Schedules can be accessed at: https://www.uscfc.uscourts.gov/node/2914.  The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

5

example, filing documents is a clerical task for which attorneys should not charge. See Guerrero v Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016).  However, Ms. Cafferty and her staff did have some administrative time.  A reasonable estimate for this reduction is $720.00.

Accordingly, taking this fees reduction into account, petitioner is awarded attorneys' fees in the amount of $15,307.50.

 C. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  Perreira v. Sec'y of Health & Hum. Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requested $5,528.85 in attorneys' costs, consisting of acquiring medical records, Westlaw research charges, and acquiring and compensating for the services of Dr. Brawer.  See Pet'r's Mot. IAFC, Exhibit B.  The non-expert-related costs total $978.85.  The undersigned finds that petitioner has provided adequate documentation for these costs, with the exception of the last eight line-items in petitioner's records.  It is unclear what these charges represent as there is no identifying information other than the name of Ms. Cafferty's law firm.  See id. at 2-3.  Thus, petitioner's costs will be deducted by $96.47, the total of these ambiguous items.

For the expert-related costs, petitioner has requested compensation for the expert fees of Dr. Brawer.  Reasonable expert fees are also determined using the lodestar method in which a reasonable hourly rate is multiplied by a reasonable number of hours.  See Chevalier v. Sec'y of Health & Hum. Servs., No. 15-001V, 2017 WL 490426, at *3 (Fed. Cl. Spec. Mstr. Jan. 11, 2017).  A reasonable hourly rate for an expert depends, in part, on the quality of the expert's work.  Sabella v. Sec'y of Dep't of Health & Hum. Servs., 86 Fed. Cl. 201, 218-25 (2009).

Dr. Brawer billed two flat fees – one for an initial evaluation and his first report at $2,750.00, and one for his supplemental report at $1,800.00.  Pet'r's Mot. IAFC, Exhibit B at 4.  However, flat billing rate does not comport with the standards in the Vaccine Program.  Petitioner and Dr. Brawer were informed about the expectations for creating an invoice as part of the Instructions to expert witnesses, issued Jan. 27, 2020.

Consequently, the costs associated with Dr. Brawer ($4,550.00) are denied without prejudice to being renewed. Petitioner is encouraged to instruct Dr. Brawer to prepare an invoice describing the work that he performed. If petitioner resubmits the same invoice from Dr. Brawer, petitioner risks not being reimbursed for expenses associated with Dr. Brawer.

Taking these costs reductions into account, petitioner is awarded costs in the amount of $882.38.

*   *   *

Accordingly, petitioner is awarded:

**A lump sum of $16,189.88 in the form of a check made payable to petitioner and petitioner's attorney, Kristin M. Cafferty.**

This amount represents reimbursement of interim attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

The Clerk's Office is further directed to email this decision to former counsel of record, Ms. Cafferty.

**IT IS SO ORDERED.**

s/Christian J. Moran<br>Christian J. Moran<br>Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).