# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| MICHAEL MOSES, parent on behalf of P.M., a minor,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | *<br>*<br>*  No. 19-739V<br>*  Special Master Christian J. Moran<br>*<br>*<br>*<br>*  Filed: May 5, 2021<br>*<br>*<br>*<br>*  Attorneys' fees and costs, interim<br>*  award |

* * * * * * * * * * * * * * * * * * *

Phyllis Widman, Jacobs and Barbone, Atlantic City, NJ, for petitioner;
Catherine E. Stolar, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING ATTORNEYS' COSTS ON AN INTERIM BASIS[1]

Previously, Michael Moses sought an award of attorneys' fees and costs on an interim basis.  Pet'r's Mot., filed June 1, 2020.  Mr. Moses was awarded most of his attorneys' fees and costs.  Mr. Moses was not awarded costs for work performed by the expert he retained, Dr. Brawer, because Dr. Brawer did not describe his work in sufficient detail.  Moses v. Sec'y of Health & Human Servs., No. 19-739V, 2020 WL 6778002 (Fed. Cl. Spec. Mstr. Oct. 23, 2020).[2]

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website.  This posting will make the decision available to anyone with the internet.  Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special master will appear in the document posted on the website.

[2] Familiarity with the October 23, 2020 decision and the standards for adjudications stated therein is presumed.

Mr. Moses requested a second award of attorneys' costs for reimbursement of work Dr. Brawer performed. Pet'r's Mot., filed Jan. 18, 2021. The Secretary deferred to the undersigned's determination. Resp't's Resp., filed Jan. 29, 2021.

This motion is denied for two reasons. First, the previous decision awarding attorneys' fees and costs reduced the amount of attorneys' fees and costs at issue. Thus, petitioner has not justified why a second interim award is appropriate. See Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).

Second, petitioner has not offered any evidence to justify the proposed hourly rate for Dr. Brawer. Moreover, the undersigned has not heard Dr. Brawer testify. Because the quality of the expert's work is a factor that should be considered when determining the appropriate rate, it is advantageous to have heard the expert witness's testimony before making this determination when possible. See Schultz v. Sec'y of Health & Human Servs., No. 16-539V, 2019 WL 5098963, at *4-5 (Fed. Cl. Spec. Mstr. Aug. 28, 2019) (denying motion for reconsideration on this point); Jones v. Sec'y of Health & Human Servs., No. 16-864V, 2019 WL 5098965, at *3 (Fed. Cl. Spec. Mstr. Aug. 26, 2019); Nifakos v. Sec'y of Health & Human Servs., No. 14-236V, 2018 WL 7286553, at *5 (Fed. Cl. Spec. Mstr. Dec. 12, 2018) (deferring award when expert's invoice is not detailed); Al-Uffi v. Sec'y of Health & Human Servs., No. 13-956V, 2015 WL 6181669, at *14 (Fed. Cl. Spec. Mstr. Sept. 30, 2015) (noting that interim expert costs are more commonly awarded after a hearing). Thus, the costs associated with Dr. Brawer are deferred.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master