# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| MICHAEL MOSES parent on behalf of P.M., a minor, | * * |
| | * No. 19-739V |
| Petitioner, | * Special Master Christian J. Moran |
| | * |
| v. | * Filed: June 5, 2023 |
| | * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * Attorneys' Fees and Costs * * |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * *

Phyllis Widman, Widman Law Firm, LLC, Northfield, NJ, for Petitioner;
Catherine E. Stolar, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Michael Moses' motion for final attorneys' fees and costs. He is awarded **$31,510.82**.

\* \* \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On May 17, 2019, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the measles, mumps, and rubella, pneumococcal conjugate, and varicella vaccines his minor son, P.M., received caused him to develop systemic juvenile idiopathic arthritis. Respondent filed his report contesting entitlement on September 23, 2019, and the parties submitted expert reports, with petitioner retaining Dr. Arthur Brawer and respondent retaining Dr. Craig Platt and Dr. Carlos Rose. Following the submission of expert reports, the parties were instructed to file briefs advocating for their positions. Order, issued June 22, 2021. On May 18, 2022, the undersigned issued his decision denying entitlement. 2022 WL 2073346 (Fed. Cl. Spec. Mstr. May 18, 2022).

On June 20, 2022, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $29,638.75 and attorneys' costs of $2,472.07 for a total request of $32,110.82.[2] Fees App. at 3. Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any costs related to the prosecution of her case. Id. Ex. 4. On June 21, 2022, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\*   \*   \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful the undersigned finds that good faith and reasonable basis existed throughout the matter. Respondent has also indicated that he is satisfied that the claim has good faith and reasonable basis. Respondent's position greatly contributes to the finding of reasonable basis. See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to

---

[2] Petitioner was previously awarded interim attorneys' fees and costs totaling $16,189.88 on November 24, 2020. A second motion for interim costs was denied on May 5, 2021, due to insufficient detail in Dr. Brawer's invoices.

frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."). A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates of compensation for the work of his counsel, Ms. Phyllis Widman: $375.00 per hour for work performed in 2020 and 2021, and $400.00 per hour for work performed in 2022. These rates are consistent with what Ms. Widman has previously been awarded for her Vaccine Program work and the undersigned shall award them herein. See, e.g., Clark v. Sec'y of Health & Human Servs., No. 17-1553V, 2023 WL 2319374, at *4-5 (Fed. Cl. Spec. Mstr. Mar. 2, 2023); Brunker v. Sec'y of Health & Human Servs., No. 18-683V, 2023 WL 21255, at *10 (Fed. Cl. Spec. Mstr. Jan. 3, 2023).

3

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds that the overall hours billed appear to be reasonable. However, the undersigned notes the overall vagueness of counsel's billing entries concerning communication. As the Federal Circuit has previously ruled, disclosure of the general subject matter of billing statements does not violate attorney-client privilege and billing entries for communication should contain some indication as to the nature and purpose of the communication. See Avgoustis v. Shinseki, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011). In the instant case, the majority of billing entries concerning communication do not contain any indication of the topic of that communication, making it difficult for the undersigned to determine whether such communication was necessary and reasonable.

Because this is the first time the undersigned has noted this issue, and because the time billed for communication is not excessive, no reduction shall be made. However, petitioner's counsel is cautioned that similarly vague billing entries in future fees applications may incur a reduction. Petitioner is therefore awarded final attorneys' fees of $29,638.75.

### C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $2,472.07 in attorneys' costs. Most of this amount ($2,400.00), is comprised of work performed by Dr. Brawer, with the remainder of the costs attributable to acquiring medical records. The time billed by Dr. Brawer (6.0 hours) is reasonable for his preparation of a supplemental report and his proposed hourly rate $400.00 generally comports with what other special masters have found to be reasonable. Cabrera v. Sec'y of Health & Human Servs., No., 2017 WL 656303, at *4 (Fed. Cl. Spec. Mstr. Jan. 23, 2017) (awarding Dr. Brawer $400.00 per hour for his work).

However, based upon the quality of his submitted work product, the undersigned finds that $400.00 per hour is excessive for Dr. Brawer in this case.

As the undersigned noted in his Decision denying entitlement, Dr. Brawer's theories concerning molecular mimicry, channelpathies, and mitochondrial dysfunction were not persuasive, with respondent's exerts identifying several flaws and gaps in these theories. 2022 WL 2073346, at *7 (Fed. Cl. Spec. Mstr. May 18, 2022). Additionally, Dr. Brawer's attempt to analogize rheumatoid arthritis to systemic juvenile idiopathic arthritis regarding onset laced any credible support. Id. at *9. Finally, in initially denying interim expert costs, the undersigned invited petitioner to provide justification supporting any requested rate for Dr. Brawer's work. 2021 WL 2207151, at *1 (Fed. Cl. Spec. Mstr. May 5, 2021). In the instant fees motion, petitioner has failed to offer any justification for Dr. Brawer's proposed rates. For all these reasons, the undersigned finds it reasonable to compensate Dr. Brawer's work in this case at $300.00 per hour. Therefore, a reasonable amount for his work is $1,800.00.

The other costs for medical records have also been substantiated and fully awarded. Petitioner is therefore awarded final costs of $1,872.07.

D.   Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards a total of **$31,510.82** (representing $29,638.75 in attorneys' fees and $1,872.07 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Ms. Phyllis Widman.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.